UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID W. KAISER and <br> MARILYN A. KAISER, <br><br> Plaintiffs <br><br> vs. <br><br> BRAJE & NELSON, LLP <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> )   CAUSE NO. 3:04-CV-405 RM <br> ) <br> ) <br> ) <br> ) |

OPINION AND ORDER

David and Marilyn Kaiser filed a complaint charging the law firm Braje & Nelson with violating several provisions of the Fair Debt Collection Practices Act. The Kaisers moved for summary judgment on all claims, and Braje & Nelson responded with a cross-motion for summary judgment and a request for costs and attorneys' fees. For the reasons stated below, the court denies the Kaisers' motion, grants Braje & Nelson's motion in part, and denies its motion in part.

FACTS

The facts recited below are largely undisputed. The Kaisers entered into a real estate contract with Angelcrest Inc. in February 1999 for the purchase of a building. The contract's terms provided that the Kaisers would pay the purchase price in monthly installments, as well as the property's real estate taxes, but if the Kaisers defaulted on the loan, they would have to pay all expenses Angelcrest incurred in instituting foreclosure proceedings, including attorneys' fees and other

necessary expenses.

In late 2000, the Kaisers stopped paying the monthly installments and real estate taxes. Morris Sunkel, an attorney with the law firm of Hoeppner, Wagner, and Evans, sent the Kaisers a notice of default, in which he informed them of his intention to proceed with a lawsuit. The Kaisers' attorney, David Foelber, responded by advising Mr. Sunkel in writing that the notice of default violated the FDCPA, and if Angelcrest initiated legal action, he would pursue a claim against Hoeppner, Wagner, and Evans for such violations. In response to Mr. Foelber's letter, Mr. Sunkel sent a second letter to both the Kaisers and Mr. Foelber, which contained a notice of the Kaisers' validation rights.

Angelcrest sued the Kaisers in LaPorte Circuit Court alleging forfeiture and breach of contract. The Kaisers countered by filing a third party complaint against Hoeppner, Wagner, and Evans for violations of the FDCPA, which led Mr. Sunkel withdrew his appearance for Angelcrest. Angelcrest retained Braje & Nelson to prosecute its foreclosure action against the Kaisers.

On June 24, 2003, Mr. Braje, an attorney with the law firm of Braje & Nelson, served an appearance for Angelcrest and a motion for the appointment of a receiver on Mr. Foelber, along with a letter indicating he would be filing both papers in the pending foreclosure action. He filed the papers the following day. Neither the filings nor the letter provided notice of the Kaisers' rights under the FDCPA. Mr. Foelber still represented the Kaisers at the time.

On July 7, Braje & Nelson, via Mr. Braje, filed a motion for summary

2

judgment seeking $2,500 in attorney fees it had incurred in asserting Anglecrest's contractual rights. Mr. Braje's time sheets indicate he has billed $3,120.25 to date for work done for Angelcrest in the foreclosure and related bankruptcy suit. He had billed Angelcrest only $1,638.75 as of July 7. The Kaisers didn't respond to the summary judgment motion, but Mr. Foelber appeared at the summary judgment hearing and advised Mr. Braje that the Kaisers had filed a petition for Chapter 13 bankruptcy and received an order staying the foreclosure proceedings.

On July 10, Mr. Foelber sent Mr. Braje a letter indicating that he would be pursuing a claim against Braje & Nelson for violations of the FDCPA arising from its collection efforts for Angelcrest. In conversation around that time, Mr. Foelber told Mr. Braje that he wouldn't sue Braje & Nelson for violations of the FDCPA if Mr. Braje would convince Angelcrest to dismiss its action against the Kaisers.

In the Kaisers' Chapter 13 bankruptcy case, Braje & Nelson filed a proof of claim on behalf of Angelcrest in the amount of $130,178.69. The Kaisers objected to the proof of claim as containing double the amount of insurance and taxes, as well as a request for attorneys' fees. Mr. Foelber called Kurt Earnst, also an attorney with Braje & Nelson, several times about the asserted miscalculation. Mr. Earnst accepted the debt amount suggested by the Kaisers in their objection and the amount was modified by order of the court.

Braje & Nelson's practice focuses on civil and criminal litigation, personal injury, commercial law, real estate, family law, medical malpractice, municipal law, products liability, traffic law, adoption, bankruptcy, domestic relations, estate

planning, probate law, business law, and debtor/creditor rights. From June 25, 2002 through June 25, 2003, Braje & Nelson filed 10 collection lawsuits in LaPorte County, Lake County, and Porter County, which accounted for 6.3 percent of its overall business. From June 25, 2003 through June 25, 2004 it filed 76 collection lawsuits in the same 3 Indiana counties. From June 25, 2004 through June 25, 2005 it filed 41 collection lawsuits, which accounted for 7.6 percent of its overall business. At least one client, Heritage Acceptance Corporation, had numerous collection actions filed by Braje & Nelson on its behalf during this period.

## CROSS MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-moving is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001). "The mere existence of an alleged factual dispute will not defeat a summary judgment

4

motion; instead, the non-movant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003)

The existence of cross-summary judgment motions doesn't establish an absence of genuine issues of material fact: "[p]arties have different burdens of proof with respect to particular facts; different legal theories will have an effect on which facts are material; and the process of taking the facts in the light most favorable to the non-movant, first for one side and then for the other, may highlight the point that neither side has enough to prevail without a trial." R.J. Corman Derailment Servs., LLC v. International Union of Operating Engineers, Local 150, 335 F.3d 643, 647-648 (7th Cir. 2003). The court isn't required to grant summary judgment for either side when faced with cross-motions. "Rather, the court is to evaluate each motion on its merits, resolving factual uncertainties and drawing all reasonable inferences against the movant." Crespo v. Unum Life Ins. Co. of America, 294 F. Supp.2d 980, 991 (N.D. Ind. 2003) (citations omitted).

The court must first determine whether Braje & Nelson is a debt collector for FDCPA purposes. A "debt collector" is any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, 15 U.S.C. § 1692a, including attorneys who "regularly" engage in

5

consumer-debt-collection activity, even when that activity consists of litigation. Heintz v. Jenkins, 514 U.S. 291 (1995). Courts often consider the following factors in deciding whether an attorney regularly engages in debt-collection activity: (1) the absolute number of debt collection communications issued and/or collection-related litigation matters pursued over the relevant period, (2) the frequency of such activity, including whether any patterns of such activity are discernable, (3) whether the law firm has personnel specifically assigned to work on debt collection activity, and (4) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations. *See* Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F.3d 56, (2nd Cir. 2004). Whether a law firm seeks debt collection business by marketing itself as having debt collection expertise may also be an indicator of the regularity of collection as a part of the practice. Id.

Debt collection accounted for about 7 percent of Braje & Nelson's overall business at the time of the challenged communications. It doesn't appear debt collection is the principal purpose of Braje & Nelson's practice, but 117 cases filed from June 2003 through June 2005 constitutes regular collection activity. And while no law firm personnel are specifically assigned to work on debt collection, a fourth of the attorneys listed on Braje & Nelson's website reference creditor's rights as an area of practice. A single client—Heritage Acceptance Corporation—had as many as 88 collection suits filed during this time period on

6

its behalf. The only reasonable conclusion that can be drawn from this record is that Braje & Nelson regularly collects debts and so is a debt collector under the FDCPA.

In their first claim, the Kaisers say Braje & Nelson's state court filings violate 15 U.S.C. § 1692(g)(a), which requires a debt collector to send a validation of debt notice within 5 days of its "initial communication with a consumer."[1] The parties don't dispute the contents of the notice of appearance or motion for the appointment of a receiver, but Braje & Nelson says these filings are not "initial communications," so it had no duty to comply with the statutory requirements. The court agrees with Braje & Nelson, but for a different reason—the filings don't constitute a "communication with a consumer" within the meaning of the FDCPA.

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium," 15

---

[1]Section 1692g(a) provides,
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
    (1) the amount of the debt;
    (2) the name of the creditor to whom the debt is owed;
    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

7

U.S.C. § 1692a(2), so certain papers and other legal correspondences are considered communications that must comply with the statutory requirements. Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914, 920 (7th Cir.2004) (a summons and a complaint that an attorney serves on a debtor is an initial communication with a consumer and must comply with the notice requirements of § 1692(g)). Several courts, however, have held that a debtor's attorney is not a "consumer" under the FDCPA, and communications solely between a debt collector and the debtor's attorney are not actionable. *See, e.g.,* Kropelnicki v. Siegel, 290 F.3d 118, 127 (2nd Cir. 2002) (stating in dicta that communications with a debtor's attorney aren't actionable under the FDCPA); Zaborac v. Phillips and Cohen Associates, Ltd., 330 F. Supp.2d 962, 966-976 (N.D. Ill. 2004); Diesi v. Shapiro, 330 F. Supp.2d 1002, 1004 (C.D. Ill. 2004); Tromba v. M.R.S. Associates, Inc., 323 F. Supp.2d 424, 427-428 (E.D. N.Y. 2004); Ignatowski v. GC Services, 3 F. Supp.2d 187, 190-191 (D. Conn. 1998). The court finds the reasoning of these cases persuasive.

Statutory language provide the starting point for interpreting a statute. Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). A debtor's attorney isn't included in FDCPA's definition of a "consumer," which includes "any natural person obligated or allegedly obligated to pay any debt" and "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. §§ 1692a(6),1692c(d). Moreover, an interpretation contrary to the statute's plain language falls outside the statute's

8

purpose of protecting the unsophisticated consumer from harassing or abusive practice. *See, e.g.,* Zaborac v. Phillips and Cohen, 330 F. Supp.2d at 966-967. An attorney presumably has a higher level of sophistication than does a debtor, and as the intermediary between the debt collector and the debtor, she can serve as a mechanism of protection. *See, e.g.,* Kropelnicki v. Siegel, 290 F.3d at 128.[2]

The notice of appearance and motion for appointment of a receiver were both served upon the Kaisers' attorney of record, Mr. Foelber, and there is nothing in the record to indicate that the Kaisers were aware of such communications aside from what Mr. Foelber told them through the course of his representation. These filings are not communications with a consumer under the plain language and purpose of §1692(g)(a), so Braje & Nelson didn't violate the FDCPA as a matter of law. Its motion for summary judgment is granted with respect to the Kaisers' claim of failure to give validation notice in the state court filings, and the Kaisers' motion for summary judgment on this claim is denied for the same reason.

The Kaisers also say four additional communications between attorneys at Braje & Nelson and Mr. Foelber constitute false and misleading representations since they didn't disclose that Braje & Nelson was attempting to collect a debt. 15

---

[2] The Kaisers reliance on Thomas v. Law Firm of Simpson & Cybak for the proposition that all pleadings filed with the court are communications regulated by the FDCPA is misplaced. The Thomas court expressly limited its holding to the issue of whether the service of a summons and complaint was a communication for § 1692g purposes. Thomas v. Law Firm of Simpson & Cybak, 392 F.3d at 920. The Kaisers were never served with either filing, so they never received any communication not first filtered through their attorney's legal discernment. The issue before this court is whether communications solely between a debt collector and the debtor's attorney are a communication with a consumer.

9

U.S.C. § 1692e(11).[3] The court disagrees.

Section 1692e(e)(11) applies to "communications with the consumer," and the additional communications in question were all between Mr. Foelber and attorneys at Braje & Nelson.[4] As already discussed, such communications aren't communications with a consumer. Further, it illogical to suggest that Braje & Nelson had an obligation to inform Mr. Foelber of the protections of the FDCPA when responding to his letter threatening to sue it for debt collection violations. Again, Braje & Nelson did not, as a matter of law, violate the act and its motion for summary judgment is also granted with respect to the Kaisers' claim that it failed to disclose it was attempting to collect a debt in violation of 15 U.S.C. § 1692e(11). The Kaisers' motion for summary judgment on this claim is also denied for the same reason.

The Kaisers' final claim is that Braje & Nelson violated § 1692e(2) by misrepresenting the amount of attorneys' fees in its motion for summary judgment filed in the LaPorte County Circuit court and the amount of a proof of claim filed

---

[3] Section 1692e(11) provides,
The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collect, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

[4] The 4 additional communications consist of a June 24 letter to Mr. Foelber concerning the notice of appearance and motion for the appointment of a receiver, a July 14 letter to Mr. Foelber sent in response to Mr. Foelber's demand letter, a phone call between Mr. Foelber and Mr. Braje about the state court foreclosure proceedings and several phone calls between Mr. Foelber and Mr. Earnst over Angelcrest's proof of claim.

10

in the bankruptcy court. Section 1692e(2) prohibits a debt collector from engaging in any "false, deceptive or misleading" collection activities and, specifically, from making a "false representation" of "[a]ny services render or compensation which may be lawfully received by any debt collector for the collection of a debt" or "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(a)-(b).

The Kaisers say Braje & Nelson engaged in false collection activities by seeking attorneys' fees in excess of $846 in its motion for judgment filed in state court. This court cannot agree. The Kaiser cite five cases in support of their argument, but none of those cases say §1692e(2) is violated when the amount of a final judgment is less than the amount in the demand for the judgment, so long as there is a reasonable basis in the law for the request.

In Brooks v. Auto Sales & Services, Inc., 2001 WL 686950 (S.D. Ind. 2001), the court determined the plaintiff's allegation regarding a notice of claim that sought attorneys' fees equal to a third of the principal balance, when the contract entitled the defendants to reasonable attorneys' fees, stated a claim for a violation of §1692e. The court couldn't determine at the pleading stage if there was a reasonable basis for the request, so it denied defendant's motion to dismiss.  Braje & Nelson, however, have a factual and legal foundation for their request: the Kaiser's purchase agreement provides they have to pay all expenses incurred by Angelcrest in instituting foreclosure proceedings if they defaulted on the loan, including attorneys' fees.

Strange v. Wexler, 796 F. Supp. 1117 (N.D. Ill. 1992), also dealt with a

11

complaint seeking attorneys' fees to which the creditor wasn't legally entitled. The creditor sought attorney fees on a simple debt when Illinois law provides attorneys' fees only on dishonored checks. Again, Braje & Nelson's request is based upon a contractual right arising from the real estate contract, so there is a reasonable basis in the law for the request.

The Kaisers cite <u>Veach v. Sheeks</u>, 316 F.3d 690 (7th Cir. 2003), for the proposition that misrepresenting the debt as including attorney fees before judgment violates 1692e. The <u>Veach</u> defendant misrepresented the actual debt by including fees that hadn't been reduced to judgment as part of the principal balance. <u>Veach</u>, though, involved a collection notice to the debtor, not a summary judgment motion filed with a court. That Braje & Nelson misstated the amount of fees in attempting to procure a judgment through a motion to the court— a judgment by the terms of the purchase agreement they were legally entitled to—doesn't rise to the level of a violation of 1692e.

<u>Person v. Stupar, Schuster & Cooper, S.C.</u>, 136 F. Supp.2d 957 (E.D. Wis. 2001), and <u>Bernstein v. Howe,</u> 2003 WL 1702254 (S.D. Ind. 2003), both also dealt with letters representing attorney fees as part of the debt prior to judgment, and not a motion seeking to procure such fees as part of the a judgment. These cases are distinguishable for the same reason.   Braje & Nelson were reasonably entitled to attorney fees under the Kaiser's real estate contract, and had the Kaisers disagreed with the amount they could have filed a response at the state court level. No reasonable trier of fact could find the request for $2,500 in attorney

fees rises to the level of a violation of §1692(e), so Braje & Nelson's motion for summary judgment is granted with respect to the Kaisers' claim that it violated §1692(e) by misrepresenting the amount of attorney fees. The Kaisers' motion for summary judgment on this claim is denied for the same reason.

Although the parties don't dispute the inaccuracy of the amount sought in the proof of claim, Braje & Nelson says the Bankruptcy Code should provide the Kaisers' exclusive remedy.[5] The Kaisers say the FDCPA is the proper vehicle for recovering the losses they incurred and that the cases cited by Braje & Nelson are factually distinguishable from this one.

Whether the Bankruptcy Code preempts an FDCPA claim premised on a bankruptcy proceeding filing has divided district courts within this circuit, and the court of appeals hasn't addressed the issue. *See* Adair v. Sherman, 230 F.3d 890, 896 n.10 (7th Cir. 2000). Courts that agree with Braje & Nelson have said such FDCPA claims undermine the Bankruptcy Code's central purpose of adjudicating all competing claims to a debtor's property in one proceeding. *See, e.g.,* Bolen v. Bass & Associates, Inc., 2001 WL 1249058 (N.D. Ill. 2001); Howell v. Ocwen Federal Bank, FSB, 2001 WL 1155255 (N.D. Ill. 2001); Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., 1999 WL 284788 (N.D. Ill. 1999); Gray-Mapp v. Sherman, 1999 WL 1893911 (N.D. Ill. 1999). Other courts

---

[5] Braje & Nelson also argues in its response to the Kaisers' summary judgment motion that the issue of the amount of the proof of claim was already litigated. But as the Kaisers' note in their response, they also seek the costs of litigating that issue.

agree with the Kaisers that when the Bankruptcy Code's remedies are unavailable, a subsequent FDCPA claim doesn't contravene the Code's purpose. *See, e.g.*, Peeples v. Blatt, 2001 WL 921731 (N.D. Ill. 2001); Wagner v. Ocwen Federal Bank, FSB, 2000 WL 1382222 (N.D. Ill. 2000).

The Kaisers say their claim is not preempted since they have exercised all available remedies by objecting to the proof of claim in the bankruptcy proceeding and because they now seek to recover attorneys' fees for the time spent contesting the false amount—the Bankruptcy Code won't be undermined since they haven't attempted to bypass any remedies provided in that Code. The court cannot agree.

Unlike the plaintiffs in Peeples v. Blatt and Wagner v. Ocwen Federal Bank, the Kaisers didn't exercise all available remedies under the Code, and the relief they now seek could have been provided in the bankruptcy proceeding. The bankruptcy court is not only an appropriate forum to contest the amount of a proof of claim, *see* Adair v. Sherman 230 F.3d 897, but also to seek costs for defending claims a debtor believes to be false. *See, e.g.,* Matter of Volpert, 110 F.3d 494, (7th Cir. 1997) (11 U.S.C. § 105 of the Bankruptcy Code "grants broad powers to bankruptcy courts ... to prevent an abuse of the bankruptcy process"). Once debtors are in the bankruptcy court, their remedies are those provided by the Bankruptcy Code, *see* Kokoszka v. Belford, 417 U.S. 642, 650-651 (1974), and to allow the Kaisers' FDCPA claim based upon a proof of claim would undermine the bankruptcy system. Accordingly, Braje & Nelson's motion for summary judgment on the claim it made a false representation of the amount of the debt is

granted. The Kaisers' motion for summary judgment on this claim is denied for the same reason.

Braje & Nelson's summary judgment motion also seeks costs and attorneys' fees, alleging the Kaisers brought this action in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3). The court disagrees.

A defendant seeking fees and costs under §1692k(a)(3) must demonstrate that the "action was brought in bad faith and for harassing purposes," meaning the entire lawsuit and not just one claim within that lawsuit. Horkey v. J.V.D.B. & Associates, Inc.,333 F.3d 769, 775 (7th Cir. 2003). The court in Horkey v. J.V.D.B. didn't define "bad faith" for the purposes of Section 1692k(a)(3), but it stated that the definition doesn't include an "action in which the plaintiff wins summary judgment on three of her four asserted claims and has a colorable argument as to the claim on which she ultimately did not prevail." Id. Likewise, the Kaisers prevailed on at least one claim and given the uncertainty regarding what is a "communication with a consumer," the court cannot say the Kaisers acted in bad faith. Accordingly, the court declines to award Braje & Nelson attorneys' fees and costs.

CONCLUSION

For all the foregoing reasons, the court enters the following rulings on the parties' cross-motions for summary judgment:

The Kaisers' summary judgment motion [docket no. 30] is DENIED. Braje

15

& Nelson's cross-summary judgment motion [docket no. 34] is GRANTED IN PART and DENIED IN PART. It is GRANTED insofar as the court finds as a matter of law that (1) Braje & Nelson didn't violate § 1692(g)(a) of the FDCPA when Mr. Braje filed the notice of appearance and motion for the appointment of a receiver; (2) Braje & Nelson didn't violate § 1692e(11) as a result of the additional communication with Mr. Foelber;  (3) Braje & Nelson didn't violate § 1692(e)(2) as a result of its request for attorney fees in its summary judgment motion; and (4) Braje & Nelson didn't violate § 1692e(2) when it misstated Angelcrest's proof of claim in the bankruptcy proceeding. Its motion is DENIED insofar as the court declines to award costs and attorneys' fees.

The final pretrial conference and trial, along with all other deadlines which had been set in this case are VACATED. The clerk shall enter judgment accordingly.

SO ORDERED.

Entered:  May 5, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   Judge Nuechterlein
      counsel of record